UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANEYSHA BASS, ) | |
| ) | |
| Plaintiff, ) | No. 09-cv-1087 |
| ) | |
| v. ) | |
| ) | |
| BRIAN J. HANSEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Taneysha Bass initially brought seven claims against Defendants Brian Hansen, David Zacek, numerous other Chicago police officers, and the City of Chicago ("Defendants"). In our order of December 7, 2010, we granted Defendants' motion for summary judgment with respect to all Defendants on Counts II through VI, denied it with respect to Officers Hansen and Zacek on Counts I and VII, and denied Plaintiff's motion for partial summary judgment on Counts I and VII. (Dkt. Nos. 152–153.) Plaintiff subsequently moved for reconsideration of that order on several grounds. (Dkt. No. 155.) Although we denied it in all other respects, we granted Plaintiff's motion to reconsider our dismissal of Count VI, her state malicious prosecution claim. (Dkt. No. 163 at 2–5.) Before deciding whether to reinstate the claim, however, we requested more briefing on the issue of whether the criminal proceedings upon which Plaintiff based her claim terminated in her favor. (*Id.*) Because Plaintiff has failed to adduce sufficient evidence to satisfy this element of her malicious prosecution claim, we now grant summary judgment in Defendants' favor on Count VI.

## I. STANDARD OF REVIEW

We initially dismissed Plaintiff's malicious prosecution claim based on Defendants' motion for summary judgment. (Dkt. No. 153 at 35–36.) But because we dismissed the claim due to a perceived statute of limitations defect, we did not address the merits of Defendants' summary judgment motion. (*Id.*) Thus, we now review Plaintiff's malicious prosecution claim under the standard for summary judgment.

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56©. In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *See Anderson*, 477 U.S. at 255.

## II. ANALYSIS

Under Illinois law, a plaintiff must prove the following elements to sustain a claim for malicious prosecution: " (1) the commencement or continuation of an original criminal or civil proceeding by defendants, (2) termination of the proceeding in favor of plaintiff, (3) the absence

of probable cause for the proceeding, (4) the presence of malice on defendants' part, and (5) damages resulting to plaintiff." *Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 801, 861 N.E.2d 313, 319 (1st Dist. 2006). The failure to prove any one of these elements undermines a plaintiff's malicious prosecution claim. *Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (Ill. 1996). Furthermore, it is well-established in Illinois that "malicious prosecution suits are disfavored by law because of the potential deterrent effect on the reporting of crime." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921 (7th Cir. 2001).

In their motion for summary judgment, Defendants asserted that Plaintiff has failed to offer evidence to support the third and fourth elements of her claim. (Dkt. No. 122 at 11–12.) We also ordered more briefing on the second element of Plaintiff's claim, the issue of favorable termination. (Dkt. No. 163 at 2–5.) We find that Plaintiff has failed to offer sufficient evidence from which a reasonable jury could conclude that the criminal proceeding upon which her malicious prosecution claim is based terminated in her favor.

It is undisputed that Plaintiff's criminal charge was stricken on leave to reinstate ("SOL") by the Circuit Court of Cook County. (Defs.' 56.1 Facts ¶ 70.) Because the SOL of Plaintiff's criminal charge did not terminate the proceedings on the merits, Plaintiff must show that her charge was SOL'd "in a manner indicative of [her] innocence" to satisfy the second element of her malicious prosecution claim. *Swick v. Liautaud*, 169 Ill.2d 504, 515, 662 N.E.2d 1238, 1243 (Ill. 1996). In her supplemental brief on the favorable termination issue, Plaintiff argues that she need only show that the termination of the criminal proceedings was "consistent with" and not necessarily "indicative of" her innocence. (Dkt. No. 169 at 3.) She argues that the Illinois Supreme Court's opinion in *Swick* "contains an unfortunate slip of the pen that has impregnated

the law of malicious prosecution in this district since[.]" (*Id.*) According to Plaintiff, the discussion in the *Swick* case makes clear that the Court was adopting the "consistent with" standard but mistakenly invoked the "indicative of" standard in the last paragraph discussing the issue. (*Id.*) Plaintiff's reading of the standard set forth in *Swick* is inaccurate. The *Swick* Court consistently used the phrase "indicative of . . . innocence" throughout its opinion—four times in fact. 169 Ill.2d at 512–515, 662 N.E.2d at 1242–1243. Although the Illinois Supreme Court, like any court, is not immune to mistakes, Plaintiff's argument substantially overinflates any perceived inconsistency in the *Swick* Court's word choice.

In any event, the thrust of the *Swick* opinion shows that the Illinois Supreme Court meant what it said in adopting the "indicative of . . . innocence" standard. The primary significance of *Swick* is that it ushered in a more context-specific approach to the favorable termination issue. Instead of opting for a categorical rule based on the method in which a proceeding was terminated, the *Swick* Court required an inquiry in to "[t]he circumstances surrounding the abandonment of the criminal proceedings[.]" *Id.* at 514, 662 N.E.2d at 1243. These circumstances, in the Court's words, "*must compel an inference* that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Id.* (emphasis added). And yet, even in adopting this more flexible approach, the *Swick* Court was adamant that the bar for malicious prosecution suits ought to remain high. "Otherwise," the Court observed, "every time criminal charges are nol-prossed"—or, in this case, SOL'd—"a civil malicious prosecution action could result." *Id.* Thus, the *Swick* Court clearly intended to avoid subjecting law enforcement officials to malicious prosecution suits any time criminal charges were dropped.

If, as Plaintiff urges, "consistent with innocence" were the standard, *any* termination of a criminal proceeding not amounting to a finding of guilt would suffice because of the presumption of innocence for criminal defendants. Such a rule contradicts the *Swick* Court's apparent reservations about this type of claim. Thus, Plaintiff bears the burden of showing that the SOL of her criminal charge was "indicative of [her] innocence." *Swick*, 169 Ill.2d at 515, 662 N.E.2d at 1243. Whether Plaintiff satisfies this burden depends on the "circumstances under which the disposition [was] obtained." *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill.2d 267, 276, 685 N.E.2d 1347, 1353 (Ill. 1997)); *see also Ferguson v. City of Chi.*, 213 Ill.2d 94, 103, 820 N.E.2d 455, 461 (Ill. 2004).

The sparse record surrounding the circumstances of the SOL of Plaintiff's criminal charge indicate that she has failed to adduce sufficient evidence that the SOL was "indicative of [her] innocence." *Swick*, 169 Ill.2d at 515, 662 N.E.2d at 1243. According to the state court transcript of Plaintiff's criminal proceeding, Plaintiff demanded a jury trial on her charge, but instead of opting to proceed to trial, the Assistant State's Attorney made a motion to SOL the charge. (Dkt. No. 120, Ex. 20 at 2.) The only record of the Assistant State's Attorney's comment on the motion is the cryptic phrase "Burden of proof." (*Id.*) The Circuit Court granted the motion, while noting that the charging officer, who is unidentified in the transcript, was in court. (*Id.*) Besides this ambiguous record, Plaintiff's only other evidence pertaining to these proceedings is her own testimony that, after the court SOL'd her charge, Officer Hansen "stormed out of the courtroom." (Bass Dep. at 151.)

This evidence is insufficient to allow a reasonable jury to conclude that the termination of Plaintiff's criminal charge was "indicative of [her] innocence." *Swick*, 169 Ill.2d at 514, 662

N.E.2d at 1243. The fact that the Assistant State's Attorney moved to SOL Plaintiff's charge does not necessarily mean that there was "a lack of reasonable grounds to pursue the prosecution." *Id.* Nor does the prosecutor's invocation of the "Burden of Proof" shed much light on the matter. There is a wide gulf between "reasonable grounds" for prosecution and "guilty beyond a reasonable doubt," and there are many reasons why the prosecutor might not have viewed an attempt at traversing that gulf as worth the effort. The prosecutor could well have been convinced that Plaintiff was guilty of reckless conduct but declined to pursue the case due to the charge's relative lack of severity, the he said-she said nature of the evidence, the amount of resources required to try the case, or some combination of these and other factors. Ultimately, we do not know based on the evidence in the record. But the paucity of the record on this point acts to Plaintiff's detriment, because she bears the burden under Illinois law of showing a favorable termination of the criminal proceeding upon which she bases her claim.[1] *Id.*

---

[1] In addition to filing the supplemental brief we requested, Plaintiff also filed a motion to reconsider our request for more briefing on the favorable termination issue. Plaintiff objected to our request on two grounds. First, Plaintiff argued that the Defendants had not raised this issue in their motion for summary judgment and thus "[t]he Court is reaching beyond defendants' motion . . . to require plaintiff to make an offer of proof and to respond to a legal issue for which there is no motion." (Dkt. No. 166 at 3.) Second, Plaintiff argued that "because the issue of whether there was a favorable termination was never asserted by defendants, the factual basis for this claim was never fleshed out by defendants." (*Id.*)

But in moving for summary judgment on Plaintiff's malicious prosecution claim, Defendants correctly pointed out that Plaintiff bears the burden of proving *each* element of her claim. As they correctly observed, "[t]he absence of any one element bars Plaintiff's claim." (Dkt. No. 122 at 11 (citing *Boyd v. City of Chi.*, 378 Ill. App. 3d 57, 71, 880 N.E.2d 1033, 1045 (1st Dist. 2007).) Thus, even though Defendants focused on the probable cause and malice elements of Plaintiff's malicious prosecution claim, they were not conceding that Plaintiff had satisfied her burden with respect to the remaining elements. And while we will ordinarily not address an issue that has not been adequately raised, we have not hesitated to order more briefing on an issue that we view as possibly determinative but insufficiently addressed by the parties. *See, e.g.*, *Prieto v. Lopez*, No. 09-2226, slip op. at 6 (N.D. Ill. June 23, 2010). Once the parties have been given a chance to address the issue, as they have here, we will not hesitate to rule on

at 512, 662 N.E.2d at 1242. The evidence she has adduced falls far short of "*compel[ling]* an inference" that the charge against her lacked any reasonable basis. *Id.* at 514, 662 N.E.2d at 1243 (emphasis added). Thus, summary judgment is appropriate for Defendants on Count VI.

### III. CONCLUSION

We grant Defendants' motion for summary judgment on Plaintiff's malicious prosecution claim (Count VI) against all Defendants. We also deny as moot Plaintiff's motion seeking to reinstate the City of Chicago as a Defendant. (Dkt. No. 166 at 1–2.) Plaintiff's only claim against the City of Chicago was based on *respondeat superior* liability for her malicious prosecution claim, which is now dismissed. (Amend. Compl. ¶ 43.) In accordance with our prior orders, the only remaining claims in this case are Plaintiff's false arrest claim (Count I) and First Amendment claim (Count VII) against Defendants Hansen and Zacek. (Dkt. Nos. 153, 163.) All other claims and Defendants are dismissed. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: April 7, 2011

---

it. *Id.* Furthermore, discovery in this case was extensive. Indeed, there were seventeen depositions taken. Plaintiff's request for more time to develop "the factual basis" for her malicious prosecution claim is not justified. Plaintiff has always borne the burden of proof on each element of the seven claims she brought, and any failure to substantiate these claims falls on her shoulders. Thus, we deny Plaintiff's motion to reconsider our request for more briefing on the second element of Plaintiff's malicious prosecution claim. (Dkt. No. 166.)